[Cite as *Strohminger v. B&W Cartage Co., Inc.*, 2018-Ohio-4265.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL STROHMINGER | JUDGES:<br>Hon. W. Scott Gwin ,P.J |
| Plaintiff – Appellant | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2017CA89 |
| B & W CARTAGE COMPANY, INC., et al. | |
| Defendant – Appellant | O P I N IO N |


CHARACTER OF PROCEEDINGS:         Appeal from the Richland County Court of
                                  Common Pleas, Case No. 2017CV353R


JUDGMENT:                         Dismissed

DATE OF JUDGMENT ENTRY:           October 22, 2018

APPEARANCES:


For Plaintiff-Appellant                    For Defendant-Appellee

CASSANDRA J. M. MAYER                      BRIAN D. SULLIVAN
525 Park Avenue West                       MICHAEL J. PELAGALLI
Mansfield, OH  44906                       Reminger Co., L.P.A.
                                           101 Prospect Avenue West
                                           Suite 1400
                                           Cleveland, OH  44115-1093

*Hoffman, J.*

{¶1} Appellant Michael Strohminger appeals the judgment entered by the Richland County Common Pleas Court granting the motion to dismiss his action against Appellees B&W Cartage Company, Inc. (hereinafter "B&W") and TVM for want of personal jurisdiction.

STATEMENT OF THE FACTS AND CASE

{¶2} Appellant filed the instant action in the Richland County Common Pleas Court on May 5, 2017, naming four defendants: Appellee B&W, Appellee TVM, John Doe, and Great West Casualty Company (hereinafter "Great West"). The complaint alleged while Appellant was waiting at B&W's warehouse to unload the trailer of his tractor trailer semi-truck, he was struck by a semi-truck negligently operated by John Doe. The complaint alleged John Doe was an employee/driver for Appellees at the time of the accident, and Appellant sustained property damage and lost wages as a direct and proximate result of John Doe's negligence. Appellant further sought a declaration he was entitled to coverage from his insurer, Great West, if the court determined his damages were not covered by B&W or TVM.

{¶3} Appellees filed a motion to dismiss for want of personal jurisdiction pursuant to Civ. R. 12(B)(2). Appellees argued pursuant to an independent contractor agreement between Appellant and Appellees, all claims between the parties are required to be brought in the State of Michigan, subject to arbitration. Subsequently, Great West filed a motion for summary judgment on other grounds.

{¶4} The trial court granted Appellees' motion to dismiss for lack of personal jurisdiction on September 7, 2017, finding the parties are governed by a forum selection

clause requiring the matter to be filed in Michigan.  On September 29, 2017, while Great West's motion for summary judgment remained pending, Appellant filed a notice of voluntary dismissal of his complaint "against all Defendants listed in the Complaint, without prejudice."

**{¶5}** Appellant filed a notice of appeal from the September 7, 2017 judgment of the court, assigning as error:

"THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION FINDING THE FORUM SELECTION CLAUSE CONTAINED IN THE CONTRACTOR AND EQUIPMENT AGREEMENT TO BE ENFORCEABLE IN THIS MATTER."

**{¶6}** As a preliminary matter, we must first determine whether the order under review is a final appealable order. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.,* 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). In the event the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. *See Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus.

**{¶7}** To be final and appealable, an order must comply with R.C. 2505.02 and Civ.R. 54(B), if applicable.

**{¶8}** R.C. 2505.02(B) provides, in pertinent part:

{¶9} (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶10} (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶11} (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶12} Civ.R. 54(B) provides:

{¶13} When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶14} Therefore, to qualify as final and appealable, the trial court's order must satisfy the requirements of R.C. 2505.02, and if the action involves multiple claims and/or multiple parties and the order does not enter a judgment on all the claims and/or as to all

parties; as is the case here, the order must also satisfy Civ. R. 54(B) by including express language "there is no just reason for delay." *Internatl. Bhd. of Electrical Workers, Local Union No. 8 v. Vaughn Indus., L.L.C.,* 116 Ohio St.3d 335, 2007–Ohio–6439, 879 N.E.2d 187, ¶ 7, *citing State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101, ¶ 5–7. We note, "the mere incantation of the required language does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381, (1989). To be final and appealable, the judgment entry must also comply with R.C. 2505.02. *Id.*

{¶15} The entry in the instant case does not dispose of the declaratory judgment claim against Great West, nor does it dismiss John Doe, and the claims against these parties remained pending. Further, the entry does not include Civ. R. 54(B) language "there is no just cause for delay." We find the September 7, 2017 judgment appealed from is not a final, appealable order, and we therefore do not have jurisdiction over this appeal.

As Appellant subsequently dismissed his complaint as to all defendants, no claims or parties remain pending in the trial court.

**{¶16}** The appeal is dismissed.

**{¶17}** Costs are assessed to Appellant.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur